**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: October 31, 2025**

_____
**MICHAEL M. PARKER
UNITED STATES BANKRUPTCY JUDGE**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| GARRETT CLAYTON HENNIG & | § | |
| CRYSTAL MARIE HENNIG, | § | CASE NO. 25-60608-MMP |
| | § | |
| DEBTORS. | § | CHAPTER 13 |

**OPINION AND ORDER GRANTING MOTION TO CONVERT IN PART**

**I.      INTRODUCTION**

The Court heard the Debtors' *Motion to Convert Case From Chapter 13 to Chapter 11 and to Elect Subchapter V Status* (ECF No. 32), took judicial notice of the docket, and determined the *Motion* should be granted in part.

The Debtors seek to convert their case to chapter 11 subchapter V ("**Sub-V**") and request "that the Court order that the subchapter V deadlines run from the date of conversion." ECF No. 32 ¶ 8. The Court will allow the Debtors to convert their case to Sub-V but cannot permit the Sub-V

1

deadlines to run from the conversion date. Section 348 of the Bankruptcy Code[1] states a conversion constitutes a new order for relief but does not change the date of the order for relief except for explicitly articulated exceptions. This Court concludes Sub-V deadlines are not in these exceptions.

II. **JURISDICTION AND VENUE**

The Court has jurisdiction over this matter under 28 U.S.C. § 1334(b). Venue is proper under 28 U.S.C. § 1408 and this matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A). This Opinion and Order serves as this Court's findings of fact and conclusions of law under Federal Rules of Bankruptcy Procedure 7052 and 9014.[2]

III. **BACKGROUND**

The Debtors filed their voluntary chapter 13 petition on August 29, 2025 with their Schedules and Statement of Financial Affairs. ECF No. 1. In their Schedules, the Debtors listed $1,038,207.94 in unsecured debts. ECF No. 1, p. 70. This amount included a noncontingent, liquidated, and undisputed debt owed to the Small Business Administration ("**SBA**") for $559,845.93. *Id.* at 63. The Debtors filed their Chapter 13 Plan on September 12, 2025 (ECF No. 15), that has elicited two *Objections* (ECF Nos. 17, 24).

On September 24, 2025, the Chapter 13 Trustee filed a *Motion to Dismiss* arguing that the Debtors are ineligible for chapter 13 because their debts exceed the $526,700 debt limit set by § 109(e). ECF No. 22 ¶ 3. In response, the Debtors filed Amended Schedules on October 6, 2025 where they claimed the debt to the SBA was contingent. ECF No. 29, p. 34.

---

[1] All statutory citations and references are to title 11 of the U.S. Code, unless otherwise noted.
[2] All citations and references to procedural rules are to the Federal Rules of Bankruptcy Procedure, unless otherwise noted.

2

Two weeks later and before a hearing could be held on the Chapter 13 Trustee's *Motion to Dismiss*, the Debtors filed the *Motion to Convert*, citing the Debtors' ineligibility as cause for conversion and stating they mistakenly believed the debt to the SBA was contingent when it was not. ECF No. 32 ¶ 6. The Debtors also sought an expedited hearing on their *Motion to Convert* (ECF No. 34), which the Court granted (ECF No. 38).

No party, other than Crystal Hennig, appeared at the hearing; and no one, including the Chapter 13 Trustee, objected to the Debtors' *Motion to Convert*.

IV. <u>ANALYSIS</u>
    a.     <span style="font-variant:small-caps">Permitting Conversion</span>

Section 1307(d) permits a party in interest to seek conversion to chapter 11 at any time before a plan is confirmed. "Party in interest" is not defined in the Bankruptcy Code but it is a broad term intended to include all persons who may hold a practical stake in the debtor's case or who have a pecuniary interest that may be directly or adversely affected. **Truck Ins. Exch. v. Kaiser Gypsum Co.**, 602 U.S. 268, 277–78 (2024); **Zipkin Whiting, Co. v. Barr (In re Felix)**, 825 Fed. App'x 365, 367 (6th Cir. 2020); **Grausz v. Englander**, 321 F.3d 467, 473 (4th Cir. 2003). The Debtors are parties in interest entitled to seek this conversion because the outcome of a conversion motion affects their interests.

Furthermore, § 1307(f) says a case cannot be converted to chapter 11 if the debtor is a farmer unless the debtor requests the conversion—which contemplates a situation where a debtor would seek conversion from chapter 13 to another reorganization chapter. *Cf.* **In re Elwell**, No. 17-51442, 2020 WL 762214, at *2 (Bankr. D. Conn. Feb. 14, 2020) (finding a debtor's conversion from chapter 13 to chapter 11 is in the bankruptcy court's discretion); **In re Lester**, 409 B.R. 364, 373 (Bankr. W.D. Va. 2009) (granting a debtor's conversion from chapter 13 to chapter 11).

3

When other bankruptcy courts have considered whether to allow conversion from one reorganization chapter to another reorganization chapter, they have considered whether the debtor (1) filed for bankruptcy in good faith and whether conversion is sought in good faith; (2) whether conversion would be prejudicial to creditors; and (3) whether conversion would be, on the whole, equitable. *Elwell*, 2020 WL 762214, at *2;[3] *In re Cardwell*, No. 17-50307, 2018 WL 4846520, at *2 (Bankr. N.D. Tex. Oct. 3, 2018); *In re McLawchlin*, 511 B.R. 422, 430 (Bankr. S.D. Tex. 2014); *Lester*, 409 B.R. at 372. The purpose of looking at these factors is largely the same as the purpose of bankruptcy in general: to maximize value to creditors and grant the debtor an opportunity to reorganize. *See Lester*, 409 B.R. at 372 ("[D]ecisions to convert are left in the sound discretion of the court and should be based on what will most inure to the benefit of all parties in interest." (internal quotations and changes omitted)).

The Chapter 13 Trustee's *Motion to Dismiss* only argues the Debtors' ineligibility for chapter 13 and does not accuse the Debtors of filing their petition in bad faith. ECF No. 22 ¶ 3. And no one has accused the Debtors of filing their case in bad faith or for another improper purpose. Similarly, no one has accused the Debtors of bad faith in seeking to convert their case. Mrs. Hennig's proffered testimony at the hearing was that she filed the chapter 13 case to stop a foreclosure on the Debtors' principal residence. Nothing in the Debtors' Schedules, Amended Schedules, filings before this court, or testimony at any of the hearings suggest the Debtors have proceeded in bad faith.

---

[3] In *Elwell*, Judge Manning also considered whether the debtor could effectuate a plan under the new chapter. *Elwell*, 2020 WL 762214, at *2. In that case, the debtor languished in chapter 13 for two years before seeking conversion to chapter 11, and a creditor objected to conversion. *Id.* The same is not the case here. The Debtors have been in bankruptcy for two months, not two years, and no creditors have argued that the Debtors could not confirm or complete a Sub-V plan. The two objections to the Debtors' pending Chapter 13 Plan are from secured creditors who hold liens on the Debtors' principal residence. ECF Nos. 17 (local taxing jurisdiction), 24 (mortgagee). It has been a week since the Debtors filed their *Motion to Convert*, and neither of these creditors has objected to it. Additionally, neither of these creditors appeared at the hearing on the Debtors' *Motion to Convert*, despite receiving notice of the expedited hearing. No evidence or argument presented suggests the Debtors could not effectuate a Sub-V plan.

No creditors have argued conversion would be prejudicial. The Debtors have over a million dollars in unsecured debts and less than a thousand dollars in non-exempt assets. *Compare* ECF No. 29, p. 36, *with* ECF No. 12 § 2.3. Consequently, and given the lack of an objection or argument to the contrary, the Court finds no basis for concluding conversion would be prejudicial to creditors.

Mrs. Hennig's proffered testimony revealed the Debtors thought the SBA debt was contingent because they personally only signed guarantees for their business loan. After speaking with counsel, they realized the debt was not contingent, that the Chapter 13 Trustee was right, and that they were ineligible for chapter 13. Nothing suggests this mistake was intended as gamesmanship on behalf of the Debtors, and no creditors have appeared arguing conversion would be inequitable. Granting conversion could allow the Debtors to reorganize their debts and pay more to creditors than they would otherwise receive in a liquidation or case dismissal. Conversion to chapter 7 would result in the one million dollars in claims being paid pennies out of the Debtors' meager non-exempt assets. Similarly, dismissal would trigger a race by secured creditors to liquidate collateral and diminish recovery prospects for unsecured creditors.

  **b.**  **ELECTING SUB-V STATUS**

In conjunction with conversion to a chapter 11 case, the Debtors also seek to elect Sub-V status. Rule 1020 says a debtor must elect Sub-V status in their petition,[4] but Rule 1009 allows a debtor to amend their petition at any time before the case is closed. A debtor's ability to amend its petition to elect Sub-V status after conversion to chapter 11 is not without statutory limitations. *See **In re Double H Transp. LLC***, 614 B.R. 553 (Bankr. W.D. Tex. 2020) (striking a debtor's amended chapter 11 petition seeking for the first time to elect Sub-V status nearly five months

---

[4] Debtors cannot elect Sub-V status before conversion to chapter 11.

5

after filing its original chapter 11 petition); *but see* **In re Seven Stars on the Hudson Corp.**, 618 B.R. 333, 342 (Bankr. S.D. Fla. 2020) ("[N]othing in the text of Rule 1009 or [] Rule 1020 prevents a small business debtor from filing an amended petition to elect to have Subchapter V apply to its case, even if it had not previously elected under Subchapter V.").[5] The Court reserves the right to review and, if necessary, revoke the Debtors' Sub-V designation if it later finds appropriate grounds for doing so. *See* **In re CYMA Cleaning Contractors Inc.**, No. 22-01377, 2023 WL 7117445, at *2–3 (Bankr. D.P.R. Oct. 27, 2023).

    c.    **EXTENDING DEADLINES**

The Debtors next ask the Court to have all Sub-V deadlines run from the date of conversion. The Court lacks statutory authority to extend the Sub-V deadlines beyond what Congress has carved out in § 348(b) or (c), or elsewhere in the Bankruptcy Code.

    1.    **SECTION 348**

Section 348 lays out the effect of conversion. Section 348(a) says conversion "constitutes an order for relief under the chapter to which the case is converted, but, except as provided in subsections (b) and (c) of this section, *does not effect a change in the date of the filing of* the petition, the commencement of the case, or *the order for relief*" (emphasis added). "This means that, aside from the exceptions listed in subsections (b) and (c), the sections of the Code that are keyed to the dates of the filing of the petition, the commencement of the case or the entry of the order for relief are unaffected by conversion." 3 COLLIER ON BANKRUPTCY ¶ 348.02, p. 348-7 (Richard Levin & Henry J. Sommer eds., 16th ed. 2025); *see also* 2 NORTON BANKRUPTCY LAW AND PRACTICE § 39:7, pp. 252–53 (William L. Norton III ed., 3d ed. 2024) ("Conversion does not

---

[5] *See also* **In re Easter**, 623 B.R. 294, 300–01 (Bankr. N.D. Miss. 2020) (allowing a debtor to elect Sub-V status when the case was filed before the Small Business Reorganization Act creating Sub-V was enacted); **In re Bonert**, 619 B.R. 248, 253 (Bankr. C.D. Cal. 2020) (collecting cases); **In re Twin Pines, LLC**, No. 19-10295, 2020 WL 5576957, at *5 (Bankr. D.N.M. Apr. 30, 2020) (permitting a debtor to elect Sub-V status over the United States Trustee's objection).

change the date of the filing of the petition, the commencement of the case, or the order for relief, except where specified by Code § 348(b) and (c)"). Conversion only changes deadlines or the date of the order for relief for those purposes specifically identified by § 348(b) and (c). Other deadlines remain regardless of conversion and the new order for relief that it creates. Thus, Sub-V deadlines running from the petition date or order for relief are *not affected* by conversion, unless provided for in subsections (b) or (c).

Section 348(b) explicitly excepts 13 provisions of the Code from § 348(a)'s general rule that deadlines running from the date of the order for relief are not affected by conversion. These 13 provisions can be grouped into seven larger categories:

(1) the appointment of a chapter 7 trustee or chapter 11 creditors' committee (§§ 701(a), 1102(a));

(2) the waiver of a debtor's discharge (§§ 727(a)(10), 1141(d)(4), 1228(a));

(3) the debts discharged by a discharge order (§§ 727(b); 1141(d)(4));

(4) the rights of parties holding claims secured by aircraft equipment or vessels (§ 1110(a));

(5) who may file a plan, when, and under what conditions (§§ 1121(b)–(c), 1221);

(6) the stay of actions against co-debtors (§§ 1201(a), 1301(a)); and

(7) the filing and allowance of post-petition claims (§ 1305(a)).

§ 348(b); 2 NORTON BANKRUPTCY LAW AND PRACTICE § 39:7, pp. 253–54. Section 348(c) says essentially the same thing but for notice purposes (§ 342) and executory contracts (§ 365)—having the deadline to provide notice to creditors and other parties or reject or accept an executory contract run from the date of conversion, rather than the original order for relief.

7

The deadline to file a plan in a traditional chapter 11 runs from the date of conversion. But plans under § 1189 for Sub-V cases are not explicitly given similar treatment. *In re Trepetin*, 617 B.R. 841, 845 (Bankr. D. Md. 2020). Conversion does not change deadlines except for as explicitly provided for in § 348(b) and (c). None of the deadlines outlined in Subchapter V are identified by § 348(b) or (c). Thus, none of the Sub-V deadlines, such as the requirements to have a status conference within 60 days of the order for relief (§ 1188) or file a plan within 90 days of the order for relief (§ 1189), are affected by conversion.

### 2. ELSEWHERE IN THE BANKRUPTCY CODE

All is not lost, however, for the Debtors. The status conference and plan-filing deadlines may be extended under the sections governing those deadlines. *See* §§ 1188(c), 1189(b).

Sections 1188(c) and 1189(b) each allow for an extension "if the need for an extension is attributable to circumstances for which the debtor should not justly be held accountable." Courts have taken a fact-intensive case-by-case approach to evaluating whether an extension should be granted for Sub-V deadlines. *In re Signia, Ltd.*, No. 23-14384, 2024 WL 331967, at *7 (Bankr. D. Colo. Jan. 29, 2024).

In this specific case, where no creditors have objected to conversion or made any arguments or presented any evidence to suggest the Debtors' ineligibility for chapter 13 was due to anything other than a good faith mistake, and given the evidence and arguments presented, a Status Conference hearing extension is warranted. Although the 60-day window for a status conference expired earlier this week, the Debtors filed their *Motion to Convert* before the deadline and the Court treats the statements made in it as a request to extend the deadline to hold a status conference.

The only way the mandatory status conference is triggered is if the Debtors are in Sub-V, and the only way the Debtors get into Sub-V is through a conversion. Because the conversion was

8

sought before the status conference deadline but granted after such deadline passed, these circumstances are outside the Debtors' control. The Debtors made an honest mistake about their chapter 13 eligibility and have been forced to quickly pivot to seek other reorganization relief. The Debtors have chosen to seek relief under Sub-V.

Although conversion is within their control, these circumstances are not such that the Debtors should be held accountable for missing this deadline, which did not apply until they sought to convert their case. *Compare* **Trepetin**, 617 B.R. at 849–50 (finding conversion sufficient cause to grant an extension), *with* **In re Waterville Redevelopment Co. IV**, No. 24-10027, 2024 WL 3658765, at *4–5 (Bankr. D. Me. Aug. 5, 2024) (finding a debtor's inability to secure DIP financing was insufficient cause to grant an extension), *and* **In re Majestic Gardens Condo. C Assoc.**, 637 B.R. 755, 757 (Bankr. S.D. Fla. 2022) (finding a debtor's counsel's calendaring error insufficient cause to grant an extension), *and* **Signia, Ltd.**, 2024 WL 331967, at *7 (finding a debtor's need to respond to a creditor's objection to the debtor's DIP financing motion insufficient cause to grant an extension), *and* **In re Online King LLC**, 629 B.R. 340, 351 (Bankr. E.D.N.Y. 2021) (finding a debtor's poor time management insufficient cause to grant an extension). The Debtors have acted quickly in asking for an extension, contemporaneously with the filing of their *Motion to Convert*, and have "not been dilatory" in pursuant of relief and a reorganization under the Bankruptcy Code. **Trepetin**, 617 B.R. at 849. Such circumstances counsel for an extension.

Given the conversion of the Debtors' case and the lack of any objection to conversion or extension, the Court finds an extension is necessary and appropriate. The Court will set a Status Conference which allows a reasonable time for the Debtors to file the report required by § 1188(c).

The deadline for filing a Sub-V plan, however, has yet to expire, and will not expire for another month. The Court lacks cause to extend that deadline.

9

V.   **CONCLUSION**

Because § 1307 permits a debtor to convert from chapter 13 to chapter 11 and because there is no evidence the Debtors have operated in bad faith or that conversion would be inequitable or prejudicial, the Court grants the Debtors' *Motion to Convert*. But, because the Bankruptcy Code says conversion does not affect Sub-V deadlines, the Court only extends the status conference deadline because the Debtors should not justly be held accountable for the circumstances leading to the extension. The Court extends no other deadlines at this time. It is, therefore,

**ORDERED** that the Debtors' *Motion to Convert* (ECF No. 32) is **GRANTED IN PART**. It is further

**ORDERED** that the Debtors' deadline to appear at a Sub-V Status Conference is extended and that a Sub-V Status Conference will be held on **TUESDAY, NOVEMBER 19, 2025 AT 1:45 P.M.** in the United States Bankruptcy Court for the Western District of Texas, United States Courthouse, 800 Franklin Avenue, Waco, Texas.

# # #